> **NOT FOR PUBLICATION WITHOUT THE**
> **APPROVAL OF THE APPELLATE DIVISION**
>
> This opinion shall not "constitute precedent or be binding upon any court."
> Although it is posted on the internet, this opinion is binding only on the
> parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1493-14T3

MARK OLYNYK,

    Plaintiff-Appellant,

v.

ROSA RICKETT, ESQ., THE LEVINE
LAW FIRM, LLC, a limited
liability company, and ELFANT
RICKETT LAW FIRM,

    Defendants-Respondents.

        Argued October 6, 2016 — Decided May 31, 2017

        Before Judges Fuentes, Carroll and Gooden Brown.

        On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. L-3302-13.

        Richard L. Ravin argued the cause for appellant (Hartman & Winnicki, P.C., attorneys; Mr. Ravin, of counsel and on the brief; Jon E. Linder, on the brief).

        Michael P. Chipko argued the cause for respondents Rosa Rickett, Esq. and Elfant Rickett Law Firm (Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys; Maxwell L. Billek, of counsel; Brian S. Gatens, of counsel and on the brief).

Meredith Kaplan Stoma argued the cause for respondent the Levine Law Firm (Morgan Melhuish Abrutyn, attorneys; Ms. Stoma, of counsel; Petar Kuridza, on the brief).

PER CURIAM

Plaintiff Mark Olynyk filed a civil action against defendants Rosa Rickett, Esq., The Levine Law Firm, L.L.C., and Elfant Rickett Law Firm, alleging malicious prosecution, malicious abuse of process, and intentional infliction of emotional distress. Defendants represented plaintiff's former wife, Anna Olynyk, in a matrimonial action that ended in a final judgment of divorce. In lieu of filing responsive pleadings, defendants moved to dismiss plaintiff's complaint pursuant to Rule 4:6-2(e), arguing plaintiff failed to state a claim upon which relief can be granted.

Plaintiff opposed defendants' motion and filed a cross-motion to amend his complaint to substitute malicious prosecution with malicious use of process. Although defendants did not oppose plaintiff's cross-motion, they argued that even as amended, the complaint failed to state a viable cause of action as a matter of law. Judge Rosemary E. Ramsay heard oral argument on the motions on October 10, 2014. After considering the parties' presentations, Judge Ramsay granted defendants' motion and dismissed the complaint for failure to state a claim upon which relief can be granted. See Rule 4:6-2(e).

On appeal, plaintiff argues Judge Ramsay erred by: (1) denying his cross-motion to amend the complaint; and (2) granting defendants' motion to dismiss the complaint with prejudice. We review a decision to dismiss a complaint as a matter of law under Rule 4:6-2(e) de novo, using the same standards relied on by the motion judge. Assuming arguendo that the facts stated within the four corners of the complaint are true, and granting plaintiff the benefit of all rational inferences that can be drawn from such facts, we must determine:

> whether a cause of action is "suggested" by the facts. . . . In reviewing a complaint dismissed under Rule 4:6-2(e) our inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint. . . . However, a reviewing court "searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." . . . At this preliminary stage of the litigation the Court is not concerned with the ability of plaintiffs to prove the allegation contained in the complaint. . . . For purposes of analysis plaintiffs are entitled to every reasonable inference of fact. . . . The examination of a complaint's allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach.
>
> [Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 746 (1989) (citations omitted).]

A-1493-14T3

In deciding defendants' motion, Judge Ramsay applied the foregoing standard and accepted as true the following allegations in plaintiff's complaint:

> In or about December 2010, plaintiff's former wife, Anna Olynyk, retained defendants to represent her in the divorce proceedings.
>
> Sometime in July 2011, police officers from the Pompton Plains Police Department arrived at plaintiff's home in response to a complaint made by Anna Olynyk involving a disputed claim over a lock box containing cash.
>
> While the police were at plaintiff's home, defendant Rickett contacted an officer at the scene and demanded that he arrest plaintiff for theft. Defendant lied when she told the officer that plaintiff had stolen property belonging to Anna Olynyk. The police officer did not find probable cause to arrest plaintiff, and the action was terminated in plaintiff's favor.
>
> When this incident was brought to the attention of the Family Part judge who presided over the matrimonial action, Rickett made two knowing written misrepresentations in which she denied requesting the police officer to arrest plaintiff. Plaintiff engaged the services of a private investigator to follow up with the officer who had been at the scene.
>
> Defendants engaged in a pattern of "lies and [a] lack of candor" with the purpose of protracting the litigation and extracting legal fees from plaintiff. Defendants continued this pattern of lies to the court so plaintiff would be required to maintain a litigation fund. Defendants used their "lies and lack of candor to get the [c]ourt to approve approximately $112,000.00 in funds

from [p]laintiff to pay for Anna[] [Olynyk's] litigation."

From these facts, Judge Ramsay found plaintiff had not made out a cognizable claim of abuse of process, as that common law tort is defined and discussed by this court in <u>Tedards v. Auty</u>, 232 <u>N.J. Super.</u> 541, 549—50 (App. Div. 1989) (citations omitted). A brief description of the salient facts in <u>Tedards</u> is necessary to provide context to our discussion. The plaintiff in <u>Tedards</u> was arrested in his home by police officers executing an <u>ex parte</u> judicial order obtained by his former wife. <u>Id.</u> at 547. The record showed the plaintiff's former wife's attorney (the defendant) knowingly submitted a certification containing material misstatements of fact, and subsequently used the judicial order obtained therefrom to coerce the plaintiff into paying his former wife's legal fees, as well as the "full amount of her demands[.]" <u>Id.</u> at 548.

The facts in <u>Tedards</u> stand in sharp contrast to what plaintiff alleges here. Plaintiff was not arrested or even detained when the police responded to his former wife's call about the lockbox and the cash it allegedly contained. The police officers' investigatory response did not satisfy the elements of either malicious use or malicious abuse of process. <u>See</u> <u>id.</u> at 549—50.

There is also no basis to find defendants liable for the tort of malicious prosecution. As defined by the Supreme Court in LoBiondo v. Schwartz, 199 N.J. 62 (2009), "[m]alicious prosecution requires the plaintiff to prove four elements: (1) a criminal action was instituted by [the] defendant[;] . . . (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; and (4) the action was terminated favorably to the plaintiff." Id. at 90 (citing Lind v. Schmid, 67 N.J. 255, 262 (1975)). Here, the record is undisputed that defendants did not, at any time, institute criminal process against plaintiff.

Plaintiff alleges that defendants engaged in a campaign driven by mendacity and obfuscation to deliberately prolong the divorce proceedings and thereby support their claim for counsel fees. Our Supreme Court has long recognized that appellate courts must accord deference to the Family Part's factual findings, in recognition of the Family Part's "'special jurisdiction and expertise in family matters.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 282—83 (2016) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). We presume the Family Part judge who presided over plaintiff's matrimonial proceedings had the expertise, responsibility, and authority to manage this contentious litigation. Furthermore, as Judge Ramsay aptly noted, claims of attorney misconduct predicated on violations of the Rules of

Professional Conduct do not give rise to private tort causes of action. Green v. Morgan Properties, 215 N.J. 431, 458 (2013); see also Brundage v. Estate of Carambio, 195 N.J. 575, 602—03 (2008).

Finally, we address plaintiff's claim under the tort of intentional infliction of emotional distress.

> [T]o make out a prima facie case of intentional infliction of emotional distress, [the] plaintiff must show that: (1) [the] defendant acted intentionally; (2) [the] defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community;" (3) [the] defendant's actions proximately caused him emotional distress; and (4) the emotional distress was "so severe that no reasonable [person] could be expected to endure it."
>
> [Segal v. Lynch, 413 N.J. Super. 171, 191 (App. Div.) (quoting Buckley v. Trenton Saving Fund Soc., 111 N.J. 355, 366 (1988)), certif. denied, 203 N.J. 96 (2010).]

Applying our standard of review to the allegations in the complaint, we conclude plaintiff did not make out a prima facie case of intentional infliction of emotional distress. The acts plaintiff attributes to defendants do not come close to describing the type of "atrocious" and "utterly intolerable" behavior required to establish a cognizable cause of action under this tort.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1493-14T3